1  Antonio H. Rodriguez (CBN 51443)
   LAW OFFICES OF ANTONIO H. RODRIGUEZ
2  5429 Beverly Boulevard
   Los Angeles, California 90022
3  T – 323-869-9909
   F – 323-869-9911
4  E-mail: antoniohr@arodriguezlaw.com

5  Attorney for Plaintiffs ESTELA RODRIGUEZ and ABEL RODRIGUEZ

6  Jorge Gonzalez (CBN 100799)
   A PROFESSIONAL CORPORATION
7  2485 Huntington Drive, Suite 238
   San Marino, California 91108
8  T – 626-382-3081
   C – 213-598-3278
9  E-mail: jggorgeous@aol.com

10 Attorney for Plaintiff A.E.R.

11 Thomas C. Hurrell, State Bar No. 119876
   E-Mail: thurrell@hurrellcantrall.com
12 Diane Martinez, State Bar No. 276499
   E-Mail: dmartinez@hurrellcantrall.com
13 Artyom Baghdishyan, State Bar No. 299113
   E-Mail: abaghdishyan@hurrellcantrall.com
14 HURRELL CANTRALL LLP
   300 South Grand Avenue, Suite 1300
15 Los Angeles, California 90071
   Telephone: (213) 426-2000
16 Facsimile: (213) 426-2020

17 Attorneys for Defendants COUNTY OF LOS ANGELES, ANDREW ALATORRE,
   and SANDY GALDAMEZ

18

19            UNITED STATES DISTRICT COURT

20       CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

21

22 | A.E.R., a Minor, by and through his | CASE NO. 2:16-cv-04895-R-MRWx
23 | Guardian ad Litem, STEPHANIE | 
   | YANEZ, both Individually and as | **STIPULATED PROTECTIVE**
24 | Successor in Interest on behalf of | **ORDER**
   | Plaintiffs' Decedent EDUARDO |
25 | EDWIN RODRIGUEZ, ESTELA | 
   | RODRIGUEZ, and ABEL | [Assigned to Judge Manuel L. Real,
26 | RODRIGUEZ, for themselves as | Courtroom "8"]
   | parents of the Decedent, |
27 |                              |
   |         Plaintiffs,          | Trial Date:        None Set
28

*Sidebar (left margin):* HURRELL CANTRALL LLP · 300 SOUTH GRAND AVENUE, SUITE 1300 · LOS ANGELES, CALIFORNIA 90071 · TELEPHONE (213) 426-2000

v.

COUNTY OF LOS ANGELES, a
Public Entity, ANDREW ALATORRE,
SANDY GALDAMEZ, and DOES 1
through 10, inclusive, individually and
in their official capacity as Los Angeles
County Sheriff's Department Deputies,

Defendants.

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

1.    A.    <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

B.    <u>GOOD CAUSE STATEMENT</u>

This action is likely to involve confidential information pertaining to personnel records and other materials subject to privacy protections for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Limiting disclosure of these documents to the context of this litigation as provided herein will, accordingly, further important law enforcement objectives and interests, including the safety of personnel and the public, as well as individual privacy rights of Plaintiffs, Defendants, and third parties. Such confidential materials and information consist of, among other things, materials entitled to privileges and/or protections under the following: the United

1  States Constitution, First Amendment; the California Constitution, Article I, Section

2  1; California *Penal Code* §§ 832.5, 832.7, and 832.8; California *Evidence Code* §§

3  1040 and 1043 *et seq.*; the Privacy Act of 1974, 5 U.S.C. § 552a; the right to

4  privacy; decisional law relating to such provisions; and information otherwise

5  generally unavailable to the public, or which may be privileged or otherwise

6  protected from disclosure under state or federal statutes, court rules, case decisions,

7  or common law.  Defendants also maintain that such confidential materials and

8  information consist of materials entitled to the Official Information Privilege.

9      Confidential information with respect to the Defendants may include:

10  personnel files; internal investigative files and documents; email and written

11  correspondence records; and policies and procedures that are kept from the public in

12  the ordinary course of business, as well as other items subject to the Official

13  Information Privilege and other privileges.  Confidential information with respect to

14  the Plaintiffs may include: employment and financial records; email and written

15  correspondence records; and psychological notes, evaluations, and report and

16  treatment plans relating to the treatment, care, and evaluation of the Plaintiffs.  The

17  parties reserve the right to challenge a designation of confidentiality pursuant to the

18  terms set forth under Paragraph 6 of this Protective Order.

19      Accordingly, to expedite the flow of information, to facilitate the prompt

20  resolution of disputes over confidentiality of discovery materials, to adequately

21  protect information the parties are entitled to keep confidential, to ensure that the

22  parties are permitted to reasonable necessary uses of such material in preparation for

23  and in conduct of trial, to address their handling at the end of the litigation, and

24  serve the ends of justice, a protective order for such information is justified in this

25  matter.  It is the intent of the parties that information will not be designated as

26  confidential for tactical reasons and that nothing be so designated without a good

27  faith belief that it has been maintained in a confidential, non-public manner, and

28  there is good cause why it should not be part of the public record of this case.

Hurrell Cantrall LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

C.   ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER SEAL

The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases.  In connection with non-dispositive motions, good cause must be shown to support a filing under seal.  *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v. Sony Electrics, Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification, must be made with respect to Protected Material that a party seeks to file under seal.  The parties' mere designation of Disclosure or Discovery Material as "CONFIDENTIAL" does not— without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable—constitute good cause.

Further, if a party requests sealing related to dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-79 (9th Cir. 2010).  For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order.  Again, competent evidence supporting

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

-4-

1    the application to file documents under seal must be provided by declaration.

2         Any document that is not confidential, privileged, or otherwise protectable in

3    its entirety will not be filed under seal if the confidential portions can be redacted.

4    If documents can be redacted, then a redacted version for public viewing, omitting

5    only the confidential, privileged, or otherwise protectable portions of the document,

6    shall be filed.   Any application that seeks to file documents under seal in their

7    entirety should include an explanation of why redaction is not feasible.

8

9    2.    <u>DEFINITIONS</u>

10        2.1   <u>Action</u>:   *A.E.R., a Minor, by and through his Guardian at Litem,*

11   *Stephanie Yanez, et al. v. County of Los Angeles, et al.*, Case No. 2:16-cv-04895-R-

12   MRWx.

13        2.2   <u>Challenging Party</u>:   a Party or Non-Party that challenges the

14   designation of information or items under this Order.

15        2.3   <u>"CONFIDENTIAL" Information or Items</u>:   information (regardless of

16   how it is generated, stored or maintained) or tangible things that qualify for

17   protection under *Federal Rule of Civil Procedure* 26(c), and as specified above in

18   the Good Cause Statement.

19        2.4   <u>Counsel</u>:   Outside Counsel of Record and House Counsel (as well as

20   their support staff).

21        2.5   <u>Designating Party</u>:   a Party or Non-Party that designated information or

22   items that it produces in disclosures or in responses to discovery as

23   "CONFIDENTIAL."

24        2.6   <u>Disclosure or Discovery Material</u>:   all items or information, regardless

25   of the medium or manner in which it is generated, stored, or maintained (including,

26   among other things, testimony, transcripts, and tangible things), that are produced or

27   generated in disclosures or responses to discovery in this matter.

28   / / /

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

2.7    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8    House Counsel:  attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9    Non-Party:  any natural person, partnership, corporation, association or other legal entity not named as a Party to this action.

2.10   Outside Counsel of Record:  attorneys who are not employees of a party to this Action but are retained to represent or advice a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, and that includes support staff.

2.11   Party:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12   Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13   Professional Vendors:   persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14   Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15   Receiving Party:   a Party that receives Disclosure or Discovery Material from a Producing Party.

2.15   Receiving Party:   a Party that receives Disclosure or Discovery Material from a Producing Party.

/ / /

3.      SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4.      DURATION

Once a case proceeds to trial, information that was designated as CONFIDENTIAL or maintained pursuant to this protective order used or introduced as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial.  *See Kamakana*, *supra,* 447 F.3d at 1180-81 (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record). Accordingly, the terms of this protective order do not extend beyond the commencement of the trial.

5.      DESIGNATING PROTECTED MATERIAL

5.1      Exercise of Restraint and Care in Designating Material for Protection.

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.   The Designating Party must designate for protection only those parts of material, documents, items or oral or written communications that qualify so that other portions of the material,

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

1  documents, items or communications for which protection is not warranted are not

2  swept unjustifiably within the ambit of this Order.

3  Mass, indiscriminate, or routinized designations are prohibited. Designations

4  that are shown to be clearly unjustified or that have been made for an improper

5  purpose (e.g., to unnecessarily encumber the case development process or to impose

6  unnecessary expenses and burdens on other parties) may expose the Designating

7  Party to sanctions.

8  If it comes to a Designating Party's attention that information or items that it

9  designated for protection do not qualify for protection, that Designating Party must

10  promptly notify all other Parties that it is withdrawing the inapplicable designation.

11  5.2   Manner and Timing of Designations. Except as otherwise provided in

12  this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise

13  stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

14  under this Order must be clearly so designated before the material is disclosed or

15  produced.

16  Designation in conformity with this Order requires:

17  (a) for information in documentary form (e.g., paper or electronic

18  documents, but excluding transcripts of depositions or other pretrial or trial

19  proceedings), that the Producing Party affix at a minimum, the legend

20  "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that

21  contains protected material. If only a portion of the material on a page qualifies for

22  protection, the Producing Party also must clearly identify the protected portion(s)

23  (e.g., by making appropriate markings in the margins).

24  A Party or Non-Party that makes original documents available for inspection

25  need not designate them for protection until after the inspecting Party has indicated

26  which documents it would like copied and produced. During the inspection and

27  before the designation, all of the material made available for inspection shall be

28  deemed "CONFIDENTIAL."   After the inspecting Party has identified the

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

-8-

documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.   Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material.   If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in depositions that the Designating Party identifies the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL."   If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3    <u>Inadvertent Failures to Designate</u>.   If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1    <u>Timing of Challenges</u>.   Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2    <u>Meet and Confer</u>.   The Challenging Party shall initiate the dispute

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

1    resolution process under Local Rule 37.1 et seq.

2        6.3    The burden of persuasion in any such challenge proceeding shall be on

3    the Designating Party. Frivolous challenges, and those made for an improper

4    purpose (e.g., to harass or impose unnecessary expenses and burdens on other

5    parties) may expose the Challenging Party to sanctions.  Unless the Designating

6    Party has waived or withdrawn the confidentiality designation, all parties shall

7    continue to afford the material in question the level of protection to which it is

8    entitled under the Producing Party's designation until the Court rules on the

9    challenge.

10

11   7.    ACCESS TO AND USE OF PROTECTED MATERIAL

12       7.1    Basic Principles.  A Receiving Party may use Protected Material that is

13   disclosed or produced by another Party or by a Non-Party in connection with this

14   Action only for prosecuting, defending or attempting to settle this Action.  Such

15   Protected Material may be disclosed only to the categories of persons and under the

16   conditions described in this Order. When the Action has been terminated, a

17   Receiving Party must comply with the provisions of section 13 below (FINAL

18   DISPOSITION).

19       Protected Material must be stored and maintained by a Receiving Party at a

20   location and in a secure manner that ensures that access is limited to the persons

21   authorized under this Order.

22       7.2    Disclosure of "CONFIDENTIAL" Information or Items.    Unless

23   otherwise ordered by the court or permitted in writing by the Designating Party, a

24   Receiving    Party    may    disclose    any    information    or    item    designated

25   "CONFIDENTIAL" only to:

26        (a) the Receiving Party's Outside Counsel of Record in this Action, as well

27   as employees of said Outside Counsel of Record to whom it is reasonably necessary

28   to disclose the information for this Action;

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit 1 hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

8.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

"CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's

1  confidential information, then the Party shall:

2     (1) promptly notify in writing the Requesting Party and the Non-Party
3  that some or all of the information requested is subject to a confidentiality
4  agreement with a Non-Party;

5     (2) promptly provide the Non-Party with a copy of the Stipulated
6  Protective Order in this Action, the relevant discovery request(s), and a reasonably
7  specific description of the information requested; and

8     (3) make the information requested available for inspection by the Non-
9  Party, if requested.

10     (c) If the Non-Party fails to seek a protective order from this court within
11  14 days of receiving the notice and accompanying information, the Receiving Party
12  may produce the Non-Party's confidential information responsive to the discovery
13  request.  If the Non-Party timely seeks a protective order, the Receiving Party shall
14  not produce any information in its possession or control that is subject to the
15  confidentiality agreement with the Non-Party before a determination by the court.
16  Absent a court order to the contrary, the Non-Party shall bear the burden and
17  expense of seeking protection in this court of its Protected Material.

18

19  10.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

20     If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed
21  Protected Material to any person or in any circumstance not authorized under this
22  Stipulated Protective Order, the Receiving Party must immediately (a) notify in
23  writing the Designating Party of the unauthorized disclosures, (b) use its best efforts
24  to retrieve all unauthorized copies of the Protected Material, (c) inform the person or
25  persons to whom unauthorized disclosures were made of all the terms of this Order,
26  and (d) request such person or persons to execute the "Acknowledgment and
27  Agreement to Be Bound" that is attached hereto as Exhibit A.

28  / / /

1  11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE

2         PROTECTED MATERIAL

3         When a Producing Party gives notice to Receiving Parties that certain

4  inadvertently produced material is subject to a claim of privilege or other protection,

5  the obligations of the Receiving Parties are those set forth in *Federal Rule of Civil*

6  *Procedure* 26(b)(5)(B).   This provision is not intended to modify whatever

7  procedure may be established in an e-discovery order that provides for production

8  without prior privilege review.  Pursuant to *Federal Rule of Evidence* 502(d) and

9  (e), insofar as the parties reach an agreement on the effect of disclosure of a

10  communication or information covered by the attorney-client privilege or work

11  product protection, the parties may incorporate their agreement in the stipulated

12  protective order submitted to the court.

13

14  12.    MISCELLANEOUS

15         12.1   Right to Further Relief.  Nothing in this Order abridges the right of any

16  person to seek its modification by the Court in the future.

17         12.2   Right to Assert Other Objections.  By stipulating to the entry of this

18  Protective Order, no Party waives any right it otherwise would have to object to

19  disclosing or producing any information or item on any ground not addressed in this

20  Stipulated Protective Order.  Similarly, no Party waives any right to object on any

21  ground to use in evidence of any of the material covered by this Protective Order.

22         12.3   Filing Protected Material.  A Party that seeks to file under seal any

23  Protected Material must comply with Local Civil Rule 79-5.  Protected Material

24  may only be filed under seal pursuant to a court order authorizing the sealing of the

25  specific Protected Material at issue.  If a Party's request to file Protected Material

26  under seal is denied by the court, then the Receiving Party may file the information

27  in the public record unless otherwise instructed by the court.

28  / / /

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

13.   <u>FINAL DISPOSITION</u>

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14.   <u>VIOLATION</u>

Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

DATED:  December 14, 2016

_____
HONORABLE MANUEL L. REAL
UNITED STATES DISTRICT JUDGE

-15-

HURRELL CANTRALL LLP
300 SOUTH GRAND AVENUE, SUITE 1300
LOS ANGELES, CALIFORNIA 90071
TELEPHONE (213) 426-2000

1    **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

2

3

4    DATED: December 7, 2016        LAW OFFICES OF ANTONIO H.
                                     RODRIGUEZ

5

6

7                                    By:  /s/ Antonio H. Rodriguez
                                         _____
8                                        ANTONIO H. RODRIGUEZ
                                         Attorneys for Plaintiffs Estela Rodriguez
9                                        and Abel Rodriguez

10

11   DATED: December 7, 2016        LAW OFFICES OF JORGE GONZALEZ

12

13

14                                   By:  /s/ Jorge Gonzalez
                                         _____
15                                       JORGE GONZALEZ
                                         Attorneys for Plaintiff A.E.R., a Minor, by
16                                       and through his Guardian ad Litem,
                                         Stephanie Yanez, individually and as
17                                       successor in interest on behalf of decedent
                                         Eduardo Edwin Rodriguez
18

19

20   DATED: December 7, 2016        HURRELL CANTRALL LLP

21

22                                   By:  /s/ Diane Martinez
                                         _____
23                                       THOMAS C. HURRELL
                                         DIANE MARTINEZ
24                                       ARTYOM BAGHDISHYAN
                                         Attorneys for Defendants COUNTY OF
25                                       LOS ANGELES, ANDREW
                                         ALATORRE, and SANDY GALDAMEZ
26

27

28

-16-

## **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *A.E.R., a Minor, by and through his Guardian at Litem, Stephanie Yanez, et al. v. County of Los Angeles, et al.*, Case No. 2:16-cv-04895-R-MRWx.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.  I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.   I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____